IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD JOSEPH SCHWEIGER,<br><br>　　　　　　Defendant. | Case No. 24-CR-009-JFH |

## OPINION AND ORDER

Before the Court is a Joint Motion to Declare Case Complex and to Enter a New Scheduling Order ("Motion") filed jointly by the United States of America ("Government") and Defendant Richard Joseph Schweiger ("Defendant"). Dkt. No. 27. For the reasons set forth below, the Motion is GRANTED.

The Indictment in this case charges Defendant with two counts: 1) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(e)(1), and 2) Conspiracy to Distribute Fentanyl, Heroin, and Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(1)(C). Dkt. No. 2. Discovery in this case remains ongoing. Dkt. No. 26. Specifically, the Government has become aware of multiple fatal and non-fatal drug overdoses related to Defendant's drug distribution. Dkt. No. 27 at 1-2. Accordingly, additional discovery related to these overdoses, involving multiple other agencies and witnesses, is necessary. *Id.* at 2. For these reasons, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendant in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the

period of delay from the date of this order to the new trial date shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

IT IS THEREFORE ORDERED that the Joint Motion to Declare Case Complex and to Enter a New Scheduling Order filed at Dkt. No. 27 is GRANTED. The jury trial set for May 13, 2024 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | 9/26/2024 | |
| Notices filed: <br>   Including all notices required by FRCrP and FRE, including Rule 16, 404(b), 412, 413, 414 or 609 | 9/26/2024 | |
| Motions to dismiss for insufficient indictment filed: | 9/26/2024 | |
| Motions and objections to notices filed: <br>   Absent good cause, motions in limine shall be filed by this date <br>   Motions for bill of particulars shall be filed pursuant to FRCrP 7(f) | 10/3/2024 | |
| Pretrial conference: | 10/24/2024 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 11/1/2024 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 11/7/2024 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 11/7/2024 | by 4:00 pm |
| Jury trial: | 11/12/2024 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

Dated this 16th day of April 2024.

*[signature]*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE