IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-009-JFH |
| RICHARD JOSEPH SCHWEIGER, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a Motion for *James* Hearing ("Motion") filed by Defendant Richard Joseph Schweiger ("Defendant"). Dkt. No. 43. Defendant asks the Court to hold a pretrial hearing regarding the admissibility of coconspirator statements pursuant to *United States v. James*, 590 F.2d 575 (5th Cir. 1979). *Id*. The Government opposes the Motion. *Id*. at 1.

In a case with conspiracy charges like this one, "[s]tatements by a party's coconspirator made 'during and in furtherance of the conspiracy' are excluded from the definition of hearsay and admissible against all coconspirators." *United States v. Stein*, 985 F.3d 1254, 1268-69 (10th Cir. 2021) (quoting Fed. R. Evid. 801(d)(2)(E)). Before a statement may be admitted, however, the Court must make preliminary findings by a preponderance of the evidence that (1) a conspiracy existed, (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy, and (3) the statement was made in the course of and in furtherance of the conspiracy. *Id.*

"Although we have repeatedly indicated our strong preference for *James* proceedings when the government relies on co-conspirator statements, it remains within the district court's discretion to either hold such a hearing or ... provisionally admit the evidence subject to the eventual laying of a sufficient foundation." *United States v. Goodwin*, 433 F. App'x 636, 640 (10th Cir. 2011).

District courts in the Tenth Circuit routinely order proffers ahead of deciding of whether to hold a *James* hearing.  *See United States v. Castillo*, 2021 WL 1671672 (E.D. Okla. Apr. 28, 2021); *United States v. De La Rosa-Calderon*, 2021 WL 124183 (D. Colo. Jan. 13, 2021); *United States v. Bernal Lopez*, 17-CR-122-SLP, Dkt. No. 184 at 4 (W.D. Okla. Aug. 22, 2017); *United States v. Stancle*, 2016 WL 2858861 (N.D. Okla. May 16, 2016).  This Court shall as well.

IT IS THEREFORE ORDERED that no later than September 10, 2024, the Government shall file a proffer specifically identifying each and every coconspirator statement it intends to offer at trial as evidence against Defendant pursuant to Rule 801(d)(2)(E) and stating how each proffered statement satisfies the requirements of the Rule.  With respect to each alleged coconspirator statement, the Government must indicate:

(a) the identity of the coconspirator who made the alleged statement;

(b) the identity of the person or persons to whom the coconspirator statement was made;

(c) the content of the coconspirator statement;

(d) when the statement was made;

(e) how the statement is in the course of the alleged conspiracy; and

(f) how the statement is in furtherance of the alleged conspiracy.

Additionally, the Government must identify the independent evidence it intends to offer in support of admission of the alleged coconspirator statements.  Defendant may file a response no later than September 17, 2024.  The Government may then file a reply no later than September 24, 2024.  At that point, the Court will be in a better position to determine whether any pretrial action, including a *James* hearing, is necessary.

Dated this 26th day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE