IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD JOSEPH SCHWEIGER,<br><br>Defendant. | Case No. 24-CR-009-JFH |

**OPINION AND ORDER**

Before the Court is a Motion for *James* Hearing ("Motion") filed by Richard Joseph Schweiger ("Defendant"). Dkt. No. 43. Upon review of the Motion, this Court ordered the Government to file a proffer specifically identifying each coconspirator statement it intends to offer at trial as evidence against Defendant pursuant to Federal Rule of Evidence 801(d)(2)(E) and stating how each proffered statement satisfies the requirements of the Rule. Dkt. No. 46. The Government filed its proffer on September 10, 2024. Dkt. No. 55. Additionally, the Government filed a wallet drive consisting of 349 pages of evidence in support of its proffer. Dkt. No. 56. Defendant filed a response on September 17, 2024 [Dkt. No. 58] and the Government filed a reply on September 24, 2024 [Dkt. No. 67]. For the following reasons, Defendant's Motion for *James* Hearing [Dkt. No. 43] is DENIED.

**BACKGROUND**

On January 3, 2024, Defendant was charged by indictment thereby initiating this case. Dkt. No. 2. On September 16, 2024, a second superseding indictment was filed charging Defendant with seven counts: one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), one count of Drug Conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), two counts of Distribution of Fentanyl Resulting in Serious Bodily Injury, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), one count of Distribution of Heroin Resulting in Serious Bodily Injury, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), one count of Distribution on Fentanyl Resulting in Death, in violation of 21 U.S.C. § 851(a), and one count of Attempt to Tamper with Records or Proceedings, in violation of 18 U.S.C. § 1512(c)(1). Dkt. No. 60.  This case is set for trial on the Court's February 18, 2025 jury trial docket.  Dkt. No. 65.

## ARGUMENT AND AUTHORITY

Under Fed. R. Evid. 801(d)(2)(E), a statement is not considered hearsay if the Court finds that "'1) a conspiracy existed; 2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and 3) the statement was made in the course of and in furtherance of the conspiracy.'" *United States v. Eads*, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting *United States v. Caro*, 965 F.2d 1548, 1557 (10th Cir. 1992)).  For Rule 801(d)(2)(E) to apply, the Government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded.  *United States v. Kaatz*, 705 F.2d 1237, 1244 (10th Cir. 1983).  A court "can only admit coconspirator statements if it holds a *James* hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting *United States v. Owens*, 70 F.3d 1118 (10th Cir. 1995)).  A district court may rely on the statements and observations of other coconspirators to support its finding that a conspiracy existed.  *Owens*, 70 F.3d at 1124–25.  If a coconspirator statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clause of the Sixth Amendment are also satisfied.  *United States v. Molina*, 75 F.3d 600, 603 (10th Cir. 1996).

In the Government's proffer, it lists fifteen (15) alleged coconspirators and describes various communications between Defendant and the alleged coconspirators spanning from January 2022 to October 2023. Dkt. No. 55 at 4-9. The supporting exhibit consists of 349 pages of messages exchanged between Defendant and the alleged coconspirators during this time frame. Based on the number of alleged coconspirators and the volume of evidence, a *James* hearing would likely take almost as long as a jury trial. The Court will not hold a *James* hearing, but will require the Government to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracies and Defendant's membership in them before seeking to admit the statements. *See United States v. Tate*, No. 17-CR-099, 2018 WL 1229755 (N.D. Okla. Mar. 9, 2018); *United States v. Parks*, No. 18-CR-251, 2019 WL 5212895, at *2 (N.D. Okla. Oct. 16, 2019). The Government should be prepared to do so outside the presence of the jury.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for *James* Hearing [Dkt. No. 43] is DENIED.

Dated this 15th day of October 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE